UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREGORY WOODEN,
Plaintiff,

v. Case No. 4:26-cv-00061-AW-MAF

DEPUTY SAVANAH CHAMBERS, in her individual capacity,
DEPUTY ROBERT SANDERS, in his individual capacity,
MADISON COUNTY SHERIFF, in his official capacity,
Defendants.

_____/

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983)
JURY TRIAL DEMANDED

Plaintiff Gregory Wooden, proceeding pro se, alleges as follows:

JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the First and Fourth Amendments.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1391, because the events giving rise to this action occurred in Madison County, Florida.

PARTIES

4. Plaintiff Gregory Wooden is a resident of Florida.

5. Defendant Deputy Savanah Chambers was at all relevant times a deputy sheriff with the Madison County Sheriff's Office, acting under color of state law.

6. Defendant Deputy Robert Sanders was at all relevant times a deputy sheriff with the Madison County Sheriff's Office, acting under color of state law.

7. Defendant Madison County Sheriff is sued in his official capacity as the final policymaker for law enforcement practices, training, and supervision in Madison County.

STATEMENT OF FACTS

8. In April 2025, Plaintiff was attending a family gathering at his aunt's residence on a residential street in Greenville, Florida.

FILED USDC FLND TL
FEB 4 '26 AM 11:56

9. Plaintiff was lawfully present and engaged in no criminal activity.

10. Multiple Madison County Sheriff's Office deputies arrived on the street and blocked traffic with emergency lights activated for an extended period of time.

11. Deputies ordered people to leave the area despite residents stating they were at their homes.

12. After several hours, additional patrol vehicles arrived with sirens activated, causing distress to residents and children.

13. Deputies exited their vehicles and began advancing down the street.

14. Plaintiff stood off the roadway and lawfully began recording law enforcement activity with his cellular phone.

15. While Plaintiff was recording, Defendant Deputy Savanah Chambers walked directly toward Plaintiff.

16. Video footage recorded by Plaintiff shows Defendant Chambers approaching Plaintiff and, without warning or lawful justification, deploying pepper spray directly into Plaintiff's face.

17. At the time Plaintiff was pepper-sprayed, he was not resisting, not obstructing, not interfering, not disobeying any lawful command, and posed no threat to officers or others.

18. Plaintiff suffered physical pain, burning of the eyes and skin, and emotional distress as a result of the pepper spray.

19. Plaintiff retreated into a nearby residence to wash the chemical agent from his body.

20. Plaintiff's encounter with Defendants occurred on the same street where, later that evening and at a separate gathering approximately three houses away, deputies shot another individual during a different encounter.

21. The individual survived the shooting and, upon information and belief, was not charged with any crime.

22. The Madison County Sheriff publicly stated that deputies were responding to a 911 call reporting individuals with firearms at a gathering on the street.

23. Plaintiff was not involved in, associated with, or suspected of any such activity.

24. Defendants deployed force against Plaintiff without individualized suspicion and without distinguishing Plaintiff from any alleged threat.

COUNT I
EXCESSIVE FORCE – FOURTH AMENDMENT
(42 U.S.C. § 1983)
Against Defendants Chambers and Sanders

25. Plaintiff realleges paragraphs 1–24.

26. Defendants used force against Plaintiff by deploying pepper spray without warning, justification, or lawful purpose.

27. The use of pepper spray against a non-threatening, non-resisting individual was objectively unreasonable under clearly established law.

28. Defendants' conduct constituted excessive force in violation of the Fourth Amendment.

COUNT II
FIRST AMENDMENT RETALIATION
(42 U.S.C. § 1983)
Against Defendant Chambers

29. Plaintiff realleges paragraphs 1–28.

30. Plaintiff was engaged in protected First Amendment activity by recording police activity in public.

31. Defendant Chambers observed Plaintiff recording law enforcement activity.

32. Defendant Chambers' deployment of pepper spray constituted adverse action that would deter a person of ordinary firmness from engaging in protected speech.

33. Defendant Chambers acted with retaliatory intent, and Plaintiff's recording was a motivating factor in the use of force.

34. Defendant Chambers violated Plaintiff's clearly established First Amendment rights.

COUNT III
MUNICIPAL LIABILITY – MONELL
(42 U.S.C. § 1983)
Against Defendant Madison County Sheriff

35. Plaintiff realleges paragraphs 1–34.

36. The Madison County Sheriff maintained policies, customs, or practices that failed to protect citizens' First Amendment rights to record police activity.

37. The Sheriff failed to adequately train and supervise deputies regarding lawful crowd control, de-escalation, and constitutional limits on retaliatory force.

38. Deputies were not trained to distinguish between protected expressive activity and criminal conduct.

39. These failures constituted deliberate indifference to the constitutional rights of citizens.

40. The Sheriff's policies, customs, and failures were the moving force behind the violations of Plaintiff's First and Fourth Amendment rights.

## QUALIFIED IMMUNITY

41. At all relevant times, the right to record police officers performing their duties in public was clearly established.

42. The use of pepper spray against a non-resisting, non-threatening individual was clearly established as unconstitutional.

43. No reasonable officer could have believed Defendants' conduct was lawful.

44. Defendants are not entitled to qualified immunity.

## DAMAGES

45. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, pain and suffering, emotional distress, humiliation, and loss of constitutional rights.

46. Plaintiff seeks compensatory damages, punitive damages against the individual defendants, costs, and any further relief the Court deems just and proper.

## JURY DEMAND

47. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant all appropriate relief.

DATED: _1-28-2026_ , 2026

_Gregory Wooden_
Gregory Wooden
Plaintiff, Pro Se

Gregory Wooden
720 Collins St
Tifton, Ga. 31794

CERTIFIED MAIL

9589 0710 5270 1796 7035 92

Retail

UNITED STATES
POSTAL SERVICE

32301

RDC 99

U.S. POSTAGE
FCM LETTER
TIFTON, GA 31
JAN 28, 2026

$6.66

S2324M502390

FEB 0 3 2026

Clerk of Court
U.S. District Court
Northern District of Florida
111 North Adams Street
Tallahassee, FL. 32301